**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

NELSON OLWALDO MENDOZA,

      Petitioner,

v.                            Case No. 14-13027

DEWAYNE BURTON,

      Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Michigan prisoner Nelson Olwaldo Mendoza has filed a pro se petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for two

counts of first-degree murder, Mich. Comp. Laws § 750.316, and one count of

conspiracy to commit murder, Mich. Comp. Laws § 750.157a, which were imposed

following a jury trial in the Oakland County Circuit Court in 2009.  Petitioner was

sentenced to three concurrent terms of life imprisonment.  In his pleadings, he raises

claims concerning the sufficiency of the evidence, the legality of a vehicle search, and

the effectiveness of trial and appellate counsel.  Respondent contends that the habeas

petition should be denied.  For the reasons set forth, the court denies the petition and

denies a certificate of appealability.

## I.  BACKGROUND

Petitioner's convictions arise from the shooting deaths of a married couple at

their home in Troy, Michigan as part of a murder-for-hire plan on March 11, 2008.

Petitioner and Miguel Servando traveled together from Texas to Michigan to commit the

crime.  The Michigan Court of Appeals summarized the relevant facts, which are

presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581

F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant's convictions arise from the murder-for-hire killings of a married couple, Aasha and Brij Chhabra, at their home in Troy, Michigan, on March 11, 2008. The testimony at trial established that Miguel Servando traveled from Texas to Michigan to commit the murders in exchange for $30,000 from Narayan Thadani, who had allegedly embezzled Aasha Chhabra's money, and that Servando alone entered the Chhabras' house and shot both victims in the head. Servando pleaded guilty to two counts of first-degree murder, conspiracy to commit murder, and two counts of possession of a firearm during the commission of a felony. He tendered his pleas pursuant to a plea agreement whereby he was allowed to serve his life sentences in a federal prison and federal authorities agreed not to seek the death penalty against him if he was prosecuted for any federal offenses arising from the Chhabras' homicides. Servando also agreed to testify against defendant.
>
> At trial, Servando testified that defendant was aware of the murder-for-hire plan, agreed to participate, and accompanied Servando from Texas to Michigan to carry out the plan. Servando testified that defendant drove him to the Chhabras' house, and then waited at a nearby gas station while Servando shot the victims inside their home. After committing the offense, Servando and defendant began to drive back to Texas, but were detained in a traffic stop in Taylor, Michigan. Police officers discovered Servando's gun in the car, and then later discovered a blood-stained envelope, a blood-stained latex glove, a photocopy of Aasha Chhabra's passport, a diagram of the Chhabras' house, and documents listing the Chhabras' names and directions to their house.

*People v. Mendoza*, No. 288509, 2010 WL 481001, *1 (Mich. Ct. App. Feb. 11, 2010)

(unpublished).  Respondent has also provided a thorough summary of the trial

testimony, *see* Resp. Answer, pp. 5-20, which the court adopts to the extent that it is

consistent with the state court record.

Following his convictions and sentencing, Petitioner filed an appeal of right with

the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence,

the great weight of the evidence, and the effectiveness of trial counsel for failing to object to the prosecutor's use of leading questions and for failing to investigate and present witnesses.  The Michigan Court of Appeals denied relief on those claims and affirmed Petitioner's convictions.  *Mendoza*, 2010 WL 481001 at *1-5.  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *People v. Mendoza*, 487 Mich. 854, 784 N.W.2d 214 (2010).

Petitioner then filed an initial federal habeas petition raising claims concerning the sufficiency of the evidence, the effectiveness of trial counsel, the legality of the vehicle search, and the confrontation of a witness.  The court found that the petition contained claims which had not been exhausted in the state courts and dismissed it without prejudice.  *Mendoza v. Scutt*, No. 2:10-CV-15157 (E.D. Mich. Jan. 11, 2011).

Petitioner returned to the state trial court and filed a motion and supplemental motion for relief from judgment raising claims concerning an alleged closure of the courtroom during jury selection and the effectiveness of trial counsel for failing to object, the sufficiency of the evidence as to venue, the legality of the police search of the vehicle, his right to confrontation, the effectiveness of trial counsel for failing to properly advise him about testifying/not testifying at trial, and the effectiveness of appellate counsel.  The trial court denied relief on those claims finding that Petitioner failed to demonstrate cause and prejudice under Michigan Court Rule 6.508(D)(3) and finding that the claims lacked merit.  *People v. Mendoza*, No. 08-220070-FC (Oakland Cir. Ct. Feb. 21, 2013).  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit.  *People v. Mendoza*, No. 317767 (Mich. Ct. App. Oct. 16, 2013).  Petitioner also filed an application for leave to

3

appeal with the Michigan Supreme Court, which was denied "for failure to meet the

burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Mendoza*,

495 Mich. 1005, 846 N.W.2d 554 (2014).

Petitioner thereafter filed his current federal habeas petition.  He raises the

following claims:

I.      His constitutional rights were violated when the prosecutor
        presented insufficient evidence to support guilt beyond a
        reasonable doubt in violation of his state and federal constitutional
        rights to a fair trial.

II.     He was denied the effective assistance of counsel when counsel
        failed to present witnesses or investigate Mr. Servando's
        statements and counsel was unprepared for trial, which denied him
        a fair trial.

III.    The search of the vehicle he was driving was not consensual as he
        does not understand English well, which violated the Fourth
        Amendment, and thus the fruits seized must be dismissed as fruits
        of the poisonous tree.

IV.     Trial counsel was ineffective for failing to advise him that
        without his testimony there would be no evidence to
        contradict the testimony against him.

V.      Appellate counsel was ineffective for failing to raise the issue of
        ineffective assistance of trial counsel for advising him not to testify.

Respondent has filed an answer to the petition contending that it should be denied

because it is untimely, two of the claims are procedurally defaulted, and all of the claims

lack merit.

## II.  STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified

28 U.S.C. § 2241 *et seq*., provides the standard of review for federal habeas cases

brought by state prisoners.  The AEDPA provides in relevant part:

4

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly

5

deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*  Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).  Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015).  A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

6

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (stating that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases—indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of a state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir.

1998).  Moreover, habeas review is "limited to the record that was before the state

court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.  DISCUSSION

### A.  Statute of Limitations

As an initial matter, Respondent contends that the petition should be dismissed

as untimely under the one-year statute of limitations applicable to federal habeas

actions.  *See* 28 U.S.C. § 2244(d).  Respondent's argument relies upon his assertion

that Petitioner's motion for relief from judgment was filed in the state trial court on

February 10, 2012 – 91 days after the one-year period expired.  The record, however,

belies Respondent's assertion.  Petitioner dated his motion on August 29, 2011, but it

was not filed by the state trial court until February 10, 2012.  The state trial court

recognized this discrepancy and found that was due to a clerical error as the motion

was received by the clerk on or about September 1, 2011.  The state trial court ordered

that the motion "be treated as though it was received and filed on September 1, 2011,

for all purposes."  *People v. Mendoza*, Case No. 2008-220070-FC (Oakland Co. Cir.

Ct. July 23, 2012).  Given that Petitioner's motion for relief from judgment is deemed

filed on September 1, 2011, Respondent's contention that the petition is untimely fails.

### B.  Procedural Default

Respondent also contends that two of Petitioner's habeas claims are barred by

procedural default.  It is well-settled, however, that federal courts on habeas review

"are not required to address a procedural-default issue before deciding against the

petitioner on the merits."  *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing

*Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  The United States Supreme Court has explained the rationale behind such a policy:   "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."  *Lambrix*, 520 U.S. at 525.  In this case, the procedural issue is intertwined with the merits of Petitioner's issues and the substantive issues are simpler to resolve. Accordingly, the Court shall proceed to the merits of Petitioner's claims.

### C.  Merits

### 1.  Insufficient Evidence Claim

Petitioner first asserts that he is entitled to habeas relief because the prosecutor failed to present sufficient evidence to support his convictions.  In particular, he argues that the prosecution failed to show that he killed or intended to kill the victims where Mr. Servado confessed to shooting the victims, the physical evidence recovered from the car did not personally link him to the shootings, and there was no evidence that he was paid for assisting Mr. Servado.

The federal due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."  *In re Winship*, 397 U.S. 358, 364 (1970).  The question on a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  A federal habeas court views this standard through the framework of 28 U.S.C. § 2254(d).  *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir.

2002).  Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review – the factfinder at trial and the state court on appellate review – as long as those determinations are reasonable.  *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  Furthermore, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law."  *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n. 16).  "A reviewing court does not re-weigh the evidence or re-determine the credibility of the witnesses whose demeanor has been observed by the trial court."  *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)).  The "mere existence of sufficient evidence to convict . . . defeats a petitioner's claim."  *Matthews*, 319 F.3d at 788-89.

Under Michigan law, first-degree premeditated murder requires proof that the defendant intentionally killed the victim and that the killing was premeditated and deliberate.  *People v. Kelly*, 231 Mich. App. 627, 642, 588 N.W.2d 480 (1998); MICH. COMP. LAWS § 750.316.  Premeditation and deliberation may be established by evidence showing:  "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide."  *People v. Schollaert*, 194 Mich. App. 158, 170, 486 N.W.2d 312 (1992); *see also People v. Abraham*, 234 Mich. App. 640, 656, 599 N.W.2d 736 (1999).  The prosecution must prove beyond a reasonable doubt that the defendant committed the charged offense.  *People v. Kern*, 6 Mich. App. 406, 409, 149 N.W.2d 216 (1967).  Direct or circumstantial evidence and reasonable inferences

10

arising from that evidence may constitute satisfactory proof of the elements of an offense, *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d 177 (1993), including the identity of the perpetrator, *Kern*, 6 Mich. App. at 409; *see also People v. Johnson*, 146 Mich. App. 429, 434, 381 N.W.2d 740 (1985), and the defendant's intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398, 563 N.W.2d 31 (1997); *see also People v. Nowack*, 462 Mich. 392, 402-03, 614 N.W.2d 78 (2000).

To convict a defendant under an aiding and abetting theory, the prosecution must establish that the crime was committed by the defendant or some other person, that the defendant performed acts or gave encouragement that aided or assisted in the commission of the crime, and that the defendant either intended to commit the crime or knew that the principal intended to commit the crime at the time he or she gave the aid or encouragement. *People v. Carines*, 460 Mich. 750, 757-58, 597 N.W.2d 130 (1999); *see also People v. Moore*, 470 Mich. 56, 679 N.W.2d 41 (2004); MICH. COMP. LAWS § 767.39. An aider and abettor's state of mind may be inferred from all the facts and circumstances, including a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime. *Carines*, 460 Mich. at 757-58.

A conspiracy under Michigan law involves the mutual agreement or understanding, express or implied, between two or more persons to commit a criminal act or a legal act by unlawful means. *People v. Anderson*, 418 Mich. 31, 36, 340 N.W.2d 634 (1983); MICH. COMP. LAWS § 750.157a. Conspiracy may be established by circumstantial evidence and may be based on inference. *People v. McKenzie*, 206 Mich. App. 425, 428, 522 N.W.2d 661 (1994). Direct proof of agreement is not

11

required, nor is it necessary that a formal agreement be proven.  It is sufficient if the

circumstances, acts, and conduct of the parties establish an agreement in fact.  *People*

*v. Justice (after remand)*, 454 Mich. 334, 347, 562 N.W.2d 652 (1997).

Applying the *Jackson* standard, as well as the foregoing state law principles, the

Michigan Court of Appeals denied relief on this claim on direct appeal.  The court

explained in relevant part:

> Here, the testimony at trial indicated that defendant assisted Servando in
> committing the offenses by driving Servando to the Chhabras' house and
> then waiting nearby while Servando went inside and shot both victims.
> Moreover, the evidence showed that defendant was aware of Servando's
> intent to murder both victims when he drove Servando to their house.
> Servando testified that he first learned of Thadani's plan to kill the
> Chhabras when defendant informed him that Douglas Tobar, an
> associate of Thadani, was looking for someone to kill two persons in
> Michigan. Although defendant was not involved in the meetings in which
> Servando, Tobar, and Thadani planned the killings, Servando testified
> that defendant persuaded him to allow defendant to accompany
> Servando to Michigan, knowing that Servando was going there to kill two
> people. Servando testified that he and defendant discussed the
> murder-for-hire plan during their drive to Michigan, and that defendant
> was present when Servando openly discussed this plan with a Michigan
> acquaintance, Eduardo Hernandez. Hernandez corroborated Servando's
> testimony that defendant was present when Servando admitted his true
> purpose in coming to Michigan. Hernandez also testified that he tried to
> dissuade defendant from following through with the plan, and that
> defendant made comments such as, "I've got [Servando's] back" and "I'm
> not gonna let this guy down."
>
> The evidence was sufficient to enable the jury to find beyond a
> reasonable doubt that defendant conspired with Servando to kill the
> Chhabras, and that defendant participated in the crime knowing that
> Servando possessed the specific intent to murder them. Although
> defendant argues that there are alternative ways of viewing the evidence
> consistent with his innocence, we are required to view the evidence in a
> light most favorable to the prosecution and to resolve all conflicts in the
> evidence in favor of the prosecution. *Fletcher*, 260 Mich. App. at 561-562,
> 679 N.W.2d 127. Similarly, the credibility of the witnesses was for the jury
> to resolve and this Court must defer to the jury's credibility

determinations. *Nowack*, 462 Mich. at 400, 614 N.W.2d 78. Viewed in this manner, the evidence was sufficient to support defendant's convictions.

*Mendoza*, 2010 WL 481001 at *2-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  The trial testimony from co-defendant Miguel Servando and witness Eduardo Hernandez regarding the murder-for hire-plan and Petitioner's involvement in that plan, along with the fact that Petitioner accompanied Servando from Texas to Michigan and was driving the vehicle when they were stopped by police with the gun and other incriminating evidence of the crime, provided sufficient evidence to support Petitioner's first-degree murder and conspiracy convictions.

Petitioner challenges the jury's evaluation of the evidence at trial and the inferences that the jury drew from that evidence.  However, it is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts.  *Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002); *see also Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.").  The jury's verdict, and the Michigan Court of Appeals' decision affirming that verdict, were reasonable.  Habeas relief is not warranted on this claim.

## 2.  Ineffective Assistance of Counsel Claims

13

Petitioner also asserts that he is entitled to habeas relief because trial counsel was ineffective.  First, he asserts that counsel was ineffective for failing to investigate how he was contacted by Mr. Servando and for failing to speak with potential witnesses, such as Mr. Servando's wife, with whom Petitioner spoke before meeting Mr. Servando.  Petitioner claims that such investigation and witnesses would have shown inconsistencies in Mr. Servando's testimony and shown that he did not know what Mr. Servando was planning to do.  Second, he asserts that counsel was ineffective in advising him about his right to testify because counsel did not tell him that without his testimony there would be no evidence to contradict the case against him.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.  Second, the petitioner must establish that counsel's deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id.*

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance."  *Id.* at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  *Id.* at 689. There is a strong presumption that trial counsel rendered adequate assistance and

14

made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Petitioner raised the issue of counsel's conduct in investigating his case and preparing a defense on direct appeal. Citing the *Strickland* standard, the Michigan Court of Appeals denied relief finding that Petitioner failed to support his assertions. The court explained in relevant part:

15

> Here, defendant failed to provide factual support for his various claims that defense counsel ignored evidence or failed to present a substantial defense. He asserts that defense counsel was aware of several possible leads that might have established a defense or attacked the prosecution's evidence, but he does not identify any such evidence with specificity. Further, none of defendant's claims are based on any record evidence, nor has defendant presented any affidavits or other evidentiary support for his claims. Accordingly, he has failed to show that defense counsel was ineffective.

*Mendoza*, 2010 WL 481001 at *4.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Well-established federal law requires that defense counsel conduct a reasonable investigation into the facts of a defendant's case, or make a reasonable determination that such investigation is unnecessary. *Wiggins*, 539 U.S. at 522-23; *Strickland*, 466 U.S. at 691; *Stewart v Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007); *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning . . . guilt or innocence." *Towns*, 395 F.3d at 258. That being said, decisions as to what evidence to present and whether to call certain witnesses are presumed to be matters of trial strategy. When making strategic decisions, counsel's conduct must be reasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23. The failure to call witnesses or present other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).

In this case, Petitioner fails to provide any affidavits, testimony, or other evidence to support his assertions that trial counsel failed to adequately investigate his

16

case, that additional witnesses would have provided exculpatory evidence, or that he was otherwise deprived of a substantial defense. It is well-settled that conclusory allegations, without evidentiary support, are insufficient to warrant federal habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing on habeas review). Petitioner fails to establish that trial counsel erred and/or that he was prejudiced by counsel's conduct.

As to the right to testify issue, Petitioner first raised this claim on collateral review. The state trial court denied relief finding that Petitioner waived his right to testify on the record and that he failed to show that his testimony would have affected the outcome at trial. *Mendoza*, No. 08-220070-FC at *8-10. The state appellate courts both denied leave to appeal.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. It is well-established that a criminal defendant has a constitutional right to testify in his own behalf. *Rock v. Arkansas*, 483 U.S. 44, 52-53 & n. 10 (1987); *Neuman v. Rivers*, 125 F.3d 315, 318 (6th Cir. 1997). Nonetheless, "a 'barebones assertion by a defendant, [even one] made under oath, is insufficient to require a hearing or other action on his claim that his right to testify in his own defense was denied him. It just is too facile a tactic to be allowed to succeed. Some greater particularity is necessary . . . to give the claim sufficient credibility to warrant a further investment of judicial resources in determining

17

the truth of the claim.'" *McCoy v. Bock*, 2003 WL 22994984, *11 (E.D. Mich. Dec. 17, 2003) (Lawson, J.) (quoting *Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir. 1991), and citing *Chang v. United States*, 250 F.3d 79, 84-85 (2nd Cir. 2001); *Sciliano v. Vose*, 834 F.2d 29, 31 (1st Cir. 1987)).

In this case, Petitioner makes only a bald assertion that trial counsel precluded him from testifying at trial and/or that he did not understand counsel's advice about such matters. Petitioner does not allege facts to show that he was misled or believed that he was not allowed to testify. Defense counsel's role is to advise the defendant whether to take the stand, but it is for the defendant, ultimately, to decide. *See United States v. Webber*, 208 F.3d 545, 550-51 (6th Cir. 2000) (citing cases). A defendant must "alert the trial court" that he or she desires to testify or that there is a disagreement with counsel regarding whether he or she should take the stand. Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so. *Id.* at 551. Petitioner did not testify nor notify the trial court of his desire to do so during trial. Rather, he waived his right to testify on the record at trial. He also fails to establish that counsel misadvised him about his rights, the prosecution's case, or his own defense to the charges.

Moreover, even if Petitioner could show that counsel mis-advised him, he fails to show that he was prejudiced by counsel's conduct. He does not explain with any specificity what testimony he would have offered which would have countered the significant evidence of his guilt presented at trial or affected the outcome at trial. As discussed *supra*, conclusory allegations are insufficient to warrant habeas relief.

18

Petitioner fails to establish that trial counsel was ineffective under the *Strickland* standard.  Habeas relief is not warranted on these claims.

### 3.  Illegal Vehicle Search Claim

Petitioner also asserts that he is entitled to habeas relief because the search of his vehicle violated his Fourth Amendment rights such that the seized evidence should have been suppressed at trial.  He argues that the search was not consensual because he is not fluent in English and did not understand the police officer's request.

Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes.  *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976).  A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action.  First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim.  Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism."  *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim."  *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005).  This procedural mechanism is a motion to suppress, ordinarily filed before trial.  *See People v. Ferguson*, 376 Mich. 90, 93-94, 135 N.W.2d 357, 358-59 (1965) (describing the availability of a pre-trial motion to

19

suppress); *see also People v. Harris*, 95 Mich. App. 507, 509, 291 N.W.2d 97, 99 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal).  Consequently, Petitioner is entitled to relief on this issue only if he establishes that he was prevented from litigating the Fourth Amendment issue by a failure of Michigan's procedural mechanism.

Petitioner has not done so.  The record reveals that Petitioner moved to suppress the evidence seized from his vehicle alleging that the search was not consensual at the time of trial.  The state trial court conducted an evidentiary hearing and denied the motion.  Petitioner raised the issue again in his motion for relief from judgment and further argued that the police lacked justification to stop the vehicle and ask for consent to search it.  The state trial court found that the claim was defaulted and lacked merit.  *Mendoza*, No. 08-220070-FC at *6-7. The state appellate courts both denied leave to appeal.  Consequently, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due.  Accordingly, his Fourth Amendment claim is not cognizable on habeas review pursuant to *Stone v. Powell*.  Habeas relief is not warranted on this claim.

### 4. Ineffective Assistance of Appellate Counsel Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise the foregoing issues that he raised in his motion for relief from judgment on direct appeal.  Petitioner first raised this claim on collateral review.  The state trial court denied relief finding that the claim lacked merit because the underlying claims lacked merit.  *Mendoza*, No. 08-220070-FC at *11.  The state appellate courts denied leave to appeal.

20

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  As discussed *supra*, in order to establish ineffective assistance of counsel, a habeas petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  With regard to appellate counsel, it is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal.  *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).  The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754.  Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel."  *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail."  *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).  Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal.  *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

21

In this case, Petitioner fails to show that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance.  Appellate counsel raised substantial claims on direct appeal, including an insufficient evidence claim, a great weight of the evidence claim, and ineffective assistance of trial counsel claims.  None of the other claims subsequently raised by Petitioner are "dead-bang winners."  Moreover, even if appellate counsel erred in some fashion, Petitioner cannot show that he was prejudiced by counsel's conduct given the state court's determination and this court's agreement that the underlying claims lack merit.  *See* discussion *supra.*  Habeas relief is not warranted on this claim.

## V.  CONCLUSION

Accordingly, IT IS ORDERED that the court DENIES and DISMISSES WITH PREJUDICE the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Having considered the matter, the court concludes that Petitioner fails to make

22

a substantial showing of the denial of a constitutional right as to his habeas claims.

Accordingly, IT IS FURTHER ORDERED that the court DENIES a certificate of

appealability.


                                 s/Robert H. Cleland_____

                                 ROBERT H. CLELAND

                                 UNITED STATES DISTRICT JUDGE

Dated:  July 21, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, July 21, 2016, by electronic and/or ordinary mail.

                                 s/Lisa Wagner_____

                                 Case Manager and Deputy Clerk

                                 (313) 234-5522